**E-FILED**
Monday, 04 January, 2010  12:12:18 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| JOHN C. CLIFFORD, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No.  08-2094 |
| UAP DISTRIBUTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

In March 2008, Plaintiff John Clifford III filed a complaint in the Circuit Court of the Sixth Judicial Circuit of Champaign County, Illinois, against Defendant UAP Distribution, Inc., alleging breach of implied warranty and negligence.  In April 2008, Defendant removed the case to federal court.  (Notice of Removal, #1.)  Federal jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In September 2009, Defendant filed a Motion for Summary Judgment (#29).  In October 2009, Plaintiff filed a Response to Motion for Summary Judgment (#33).  In November 2009, Defendant filed a Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (#34).  With leave of court, in December 2009, Plaintiff filed a Reply to Reply Response to Motion for Summary Judgment (#35).  After reviewing the parties' pleadings and memoranda and the evidence presented, this Court **GRANTS** Defendant's Motion for Summary Judgment **(#29)**.

## I.  Standard

A court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, the Court must decide, based on admissible evidence, whether any material factual dispute exists that requires a trial. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). The party seeking summary judgment bears the initial burden of showing that no such issue of material fact exists. *Celotex,* 477 U.S. at 323.

The Court must draw all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). However, the nonmoving party may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, he must go beyond the pleadings and support his contentions with proper documentary evidence. *Celotex,* 477 U.S. at 322-23. A scintilla of evidence in support of the nonmovant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of any element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* "In such a situation there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

## II.  Background

The following facts are presented in the light most favorable to Plaintiff. Plaintiff farms approximately 2000 acres in Champaign County, Illinois. Defendant Crop Production Services, Inc. (hereinafter "CPS"), formerly known as UAP Distribution, Inc., is located in Sidney, Illinois. CPS uses the Kahler System to mix custom herbicide blends that it provides to its customers.

In 2007, Plaintiff contracted with Monsanto to grow seed corn. He planted his fields in late April. The crop appeared healthy, but the field contained some weeds. As a result, Plaintiff decided to spray the field with herbicide to kill the weeds. Following his normal practice, Clifford contacted Monsanto to find out if the seed corn strains in his field had any known sensitivity to particular chemical families. Monsanto representative Cindy Reis told Plaintiff that there were no sensitivity issues.

Plaintiff then contacted Craig Bush, a CPS certified crop advisor. Mr. Bush recommended that Plaintiff use a custom blend of chemicals (hereinafter "Blend"). One of the components of the Blend was Steadfast, a sulfonylurea herbicide. CPS mixed the Blend in four separate loads and delivered the loads to Plaintiff, who subsequently sprayed each load of the Blend on his field. Approximately six days after he sprayed the field, Plaintiff observed visual signs of damage to the seed corn crop. He immediately called Craig Bush from CPS and Cindy Reis from Monsanto. Mr. Bush contacted a Steadfast manufacturing representative. Ms. Reis eventually called Pat Geneser, her supervisor at Monsanto. The Steadfast representative and Mr. Geneser observed and investigated the damaged seed corn. Mr. Geneser found that the damaged corn contained glyphosate, also known as Round-up. This chemical was not supposed to be in the Blend. Monsanto eventually decided to destroy the corn.

In his complaint, Plaintiff alleges claims of (1) breach of implied warranty of fitness for a particular purpose and (2) negligence. Both claims are based on the premise that the Blend contained Round-up and that, instead of killing the weeds, the Blend eventually damaged the seed corn crop. Plaintiff has abandoned the warranty claim. (#33, p. 3.) The negligence claim alleges that CPS had a duty to provide only those chemicals Plaintiff ordered and CPS breached that duty by providing Plaintiff with the Blend, a product that was tainted with other chemicals and not compatible with its intended use. As a result of CPS's failure to provide the Blend free of any other chemical residue, Plaintiff suffered significant economic loss because Monsanto destroyed the seed corn crop in the affected fields.

### III.  Analysis

Defendant argues that it is entitled to judgment as a matter of law because Plaintiff cannot establish Defendant's duty, its breach of that duty, or causation.  In addition, Defendant argues that the economic loss doctrine bars the claim.

To sustain a negligence action, a plaintiff must prove that (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; and (3) the plaintiff's injury was proximately caused by the breach.  *Kleiss v. Bozdech*, 811 N.E.2d 330, 341 (Ill. App. Ct. 2004).

Defendant's summary judgment motion is premised in part on Plaintiff's failure to disclose an expert witness pursuant to Federal Rules of Civil Procedure 26(a)(2)(A).  Defendant contends that, without expert testimony, Plaintiff cannot establish the elements of a negligence claim.

Plaintiff has not disputed Defendant's statement that Plaintiff failed to disclose an expert witness nor has he challenged Defendant's contention that expert testimony is required to establish the elements of negligence.  Instead, his response focuses on Mr. Geneser's expertise and testimony and whether Plaintiff has produced enough evidence to show that the presence of glyphosate caused the damage to the seed corn crop and that CPS was the source of the glyphosate.

"Some negligence actions do not require expert testimony because they allege 'ordinary' negligence, in the common experience and understanding of the jurors."  *Baltus v. Weaver Div. of Kidde & Co., Inc.*, 557 N.E.2d 580, 588 (Ill. App. Ct. 1990).  For example, an automobile collision caused by a driver's failure to stop at a red light would hardly require expert opinion, although a complicated reconstruction of a collision in another case might call for such evidence. *Id.*  However, claims that "involve specialized knowledge or expertise outside the layman's knowledge" require expert testimony.  *Id.*, FED. R. EVID. 702 ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or

4

education, may testify thereto in the form of an opinion or otherwise."). "The specific facts and issues involved determine whether expert opinion testimony is necessary or desirable." *Baltus*, 557 N.E.2d at 588.

This case presents questions that cannot be determined by a fact-finder without some understanding of the standard of proper or reasonable care in the industry. *See Maroules v. Jumbo, Inc*., 452 F.3d 639, 645 (7th Cir. 2006). Defendant's duty to customers when providing a custom blended herbicide, e.g., the standard of care to which CPS is to be held, is beyond the realm of the layperson; instead it requires "scientific, technical, or other specialized knowledge" as described in Federal Rules of Evidence 702. Of course, without evidence on the standard of care, the fact-finder cannot determine whether CPS's conduct violated that standard of care. *See id.*, 452 F.3d at 644 ("Expert testimony is required when the issue of care is beyond the realm of the layperson, that is, where a fact-finder cannot determine whether a defendant's conduct fell below the applicable standard of care without technical input from an expert witness.").

Furthermore, even if Plaintiff could establish a genuine issue of material fact as to breach of the applicable standard of care, he must also establish an evidentiary base for the causation element of his claim in order to survive the summary judgment motion. To establish causation, Plaintiff must prove that Defendant performed a wrongful act and Plaintiff's loss or damage resulted from the act. *Economy Fire & Cas. Co. v. GAB Bus. Servs., Inc.*, 507 N.E.2d 896, 899 (Ill. App. Ct. 1987). The Court cannot presume a causal link between the damage to the seed corn and CPS's conduct. *See, e.g., Baltus*, 557 N.E.2d at 586. Thus, Plaintiff must present evidence showing that a wrongful act by Defendant led to the damage. Like the standard of care, the existence of a causal relationship between CPS's conduct and the crop damage is beyond the realm of the layperson. Accordingly, this element also requires expert testimony.

As noted above, Plaintiff has not disputed Defendant's statement that he failed to disclose any experts. However, in his Additional Material Facts, he presents information related to

5

Mr. Geneser's background and experience.  The fact that Mr. Geneser may be qualified to testify as an expert does not excuse Plaintiff's failure to timely disclose him as an expert pursuant to Rule 26(a)(2)(A).

Testimony regarding the standard of care, the violation of the standard, and the cause of damage to the seed corn crop constitutes "scientific, technical, or other specialized knowledge" as described in Federal Rules of Evidence 702.  Thus, a witness testifying on these issues would be an expert witness that Plaintiff was obligated to disclose based on both Rule 26(a)(2)(A) and the Court's discovery order.  Because Plaintiff did not timely disclose Mr. Geneser or anyone else as an expert witness, he cannot present evidence on these issues.  FED. R. CIV. P. 37(c). *See White v. United States*, 148 F.3d 787, 793 (7th Cir. 1998) (stating that failure to disclose expert witnesses in compliance with pretrial orders is sufficient cause for excluding the witness) (citing *Simplex, Inc. v. Diversified Energy Sys., Inc.,* 847 F.2d 1290, 1292 (7th Cir. 1988) (affirming trial court's decision not to permit witnesses to provide expert testimony because they had not been identified as experts in compliance with the pretrial order), and citing *Miksis v. Howard,* 106 F.3d 754, 760 (7th Cir. 1997) (upholding decision to strike expert witnesses for failure to disclose expert witnesses in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure)).

The Seventh Circuit recently stated that summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events."  *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007).  Here, Plaintiff has failed to disclose an expert witness.  Given the technical nature of the issues involved, Plaintiff cannot establish the elements of his claim without expert testimony.  Accordingly, the Court grants Defendant's motion for summary judgment.

Having disposed of Plaintiff's claim, the Court finds it unnecessary to address the economic loss argument.

### IV.  Summary

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment (**#29**).  This case is terminated.

ENTER this 4th day of January, 2010.

                                       _____ s/ DAVID G. BERNTHAL _____
                                             U.S. MAGISTRATE JUDGE